IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

DUFER LIZANDRO MEZA-MECUACE,[1]

    Petitioner,

v.                                            Case No. 1:23-cv-00119

WARDEN, FCI MCDOWELL,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss Petition (ECF No. 12). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

While incarcerated at FCI McDowell in Welch, West Virginia, Petitioner filed the instant § 2241 petition challenging the Federal Bureau of Prisons' ("BOP") interpretation of the First Step Act of 2018 ("FSA") through its Program Statement 5410.01, which included language for the application of up to 365 days of Federal Earned Time Credit ("FTC") to inmates who, in relevant part, "[had] no detainers or unresolved pending charges, to include unresolved immigration status . . . ." (ECF No. 11 at 1). Petitioner

---

[1] The BOP's inmate locator on its website spells this inmate's last name as "Meza-Macuace." Petitioner spelled it both ways in his petition and on the envelope in which the petition was mailed. The undersigned is uncertain of the correct spelling.

asserted that the FSA does not disqualify him from application of this FTC because he had an outstanding immigration detainer and he requested that the court order his unit team to apply such credit to his sentence.  (ECF No. 1).

However, after Petitioner filed his petition, the BOP issued a Change Notice amending the program statement and removing this language.  (ECF No. 11 at 2).  Thus, Petitioner was no longer prohibited from application of FTC based upon his immigration detainer status.  (*Id.*)  According to Respondent, the BOP updated Petitioner's sentence calculation to reflect the application of 365 days of FTC towards his early release.  (*Id.*)  Then, on January 4, 2024, Petitioner was released from BOP custody.  Thereafter, on June 4, 2024, Respondent filed a Motion to Dismiss Petition (ECF No. 12) asserting that Petitioner's § 2241 petition is now moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. §., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, Petitioner has been released from BOP custody without any collateral consequences related to his claims; thus, this federal court is no longer able to grant his requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to his release from BOP custody without collateral consequences. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge GRANT Respondent's Motion to Dismiss (ECF No. 12), **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Faber and the opposing party.

  The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address.

<u>August 27, 2024</u>

                Dwane L. Tinsley
                United States Magistrate Judge

4